UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SUPERIOR WOODWORK AND TRIM, LLC** | **:** | **CIVIL ACTION NO. 19-cv-1348** |
| **VERSUS** | **:** | |
| **PROFESSIONAL MACHINERY GROUP, INC., ET AL.** | **:** | **MAGISTRATE JUDGE KAY** (By Consent) |

### MEMORANDUM RULING

Before us for consideration is a Motion for Summary Judgment filed by defendant Professional Machinery Group, Inc. ("PMG"), seeking dismissal of the claims made against it by plaintiff, Superior Woodwork and Trim, LLC ("Superior"). Doc. 93. The motion is opposed by Superior. Doc. 102. PMG has replied to the opposition [doc. 114] and the matter is now ripe for consideration.

After considering the evidence submitted and the arguments of the parties, finding the law and evidence to be in favor thereof, we **GRANT** the motion and, by separately issued judgment, dismiss the claims against PMG with prejudice at plaintiff's cost.

### I.
#### BACKGROUND

Superior's original petition filed in state court on September 3, 2019, names as defendants PMG and SCM North America, Inc. ("SCM"), and claims that, on some unspecified date in 2018, it purchased a "SCM Edgebander, glue pot, Edge Automation ERC Return Conveyor, panel turner and panel kicker" ("the System") from PMG. Doc. 1, att. 1, p. 3. Superior alleges that the System was manufactured by SCM and distributed by PMG. *Id.* It further alleges that the System was

defective entitling Superior to rescission and dissolution of the sale with interest, damages, attorney fees, and costs of the proceeding. *Id.* at p. 4.

The matter was removed to this court on October 14, 2019. Doc. 1. Since removal Superior has twice amended its complaint. The first Amended Petition [doc. 10] adds Professional Machinery Group South, LLC ("PMGS"), as a defendant and corrected the legal name of SCM. Aside from adding to its claim for damages to include "expenses in having to re-manufacture and/or repair the end products furnished to [sic] plaintiff to its customers" [*id.* p. 2, ¶ 8] and "damages for loss of business reputation and lost profits as a result of defendants' failure to properly install the System and/or diagnose and/or fix the System," [*id.* p. 3, ¶ 11], the allegations remained the same. The Second Amended Petition merely deletes the claim for loss of business reputation and lost profits. Doc. 66. The complaints have been answered by the defendants. *See* docs. 6, 14, and 67 (answers of SCM); docs. 53 and 68 (answers of PMG); and docs. 28 and 69 (answers of PMGS).

PMG maintains it did not sell the System to plaintiff, was not a party to the sale, and thus could have no liability to plaintiff, entitling it to be dismissed on summary judgment. Doc. 93, att. 1, p. 2 and att. 2, p. 2. In support of the motion it attaches an affidavit of its President and cofounder, Kirk D. Gass, as well as the affidavit and deposition testimony of Phillip Koch, part owner of PMGS. Doc. 93, atts. 3-5. Both individuals testified, based upon their personal knowledge as principals of the two companies, that PMGS, not PMG, was the seller of the System.

Nevertheless and notwithstanding PMCS's judicial admission that it was the seller of the System, Superior claims there exists a material issue of fact as to who was the seller. It relies primarily upon a document that it attaches as its Exhibit P1 and that it characterizes as "the handwritten sales contract between PMG and Superior for the sale of the subject System." Doc.

102, p. 3; Ex. P1 at doc. 102, att. 2.  It also relies on affidavits made by Superior manager Alex Quebedeaux and Superior member Jeremy D. Cook that purport to support Superior's claim that it was PMG that sold the System, thus creating an issue of fact for trial.  Doc. 102, pp. 3-4; doc. 102, atts. 6, 7.  PMG responds that the affidavits submitted in opposition to its motion are not based on personal knowledge of the affiants, they "fail to provide any factual support for the basis of any personal knowledge," they "consist of rank speculation as to the relationship (or lack thereof) between PMG, Inc., and PMGS" and other factors set forth by the affiants as raising a question as to the identify of the seller of the System.[1]  Doc. 114, p. 5.

## II.
## APPLICABLE LAW

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*,

---

[1] Superior does raise other factors in an effort to create an issue of fact such as who received payment for the System, the fact that PMG "boasts on its website . . . that is has sold machines 'in *every* state in the United states'." Doc. 102, p. 3.  At most, these points call into question the accuracy of PMG's advertising and PMG and PMGS's assertions that PMGS is unaffiliated with PMG [doc. 93, att. 3, p. 2].  These points are not, however, probative of the ultimate question as to which entity was the seller of the System.

896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S. Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

When, however, a movant satisfies its burden of showing there is no genuine dispute of material fact, the nonmovant must demonstrate there is, in fact, a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Local Rule 56.1 requires a movant to file a statement of materials facts to which it contends there is no genuine issue to be tried. In response thereto an opponent of the motion must file a separate, short, and concise statement of the material fact as to which there exists a genuine issue to be tried. W.D. La. Loc. Civ. R. 56.2. Any material fact listed by the moving party will be admitted for purposes of the motion "unless controverted as required by this rule." *Id.* A non-movant may not meet its burden of proving there does exist a genuine issue for trial by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Little*, 37 F.3d at 1075.

### III.
#### APPLICATION OF THE LAW TO THE FACTS

PMG has submitted competent evidence that that PMGS, not PMG, was the seller of the System. This evidence includes the affidavit of its President and cofounder, Kirk D. Gass, as well

as the affidavit and deposition testimony of Phillip Koch, part owner of PMGS.  Doc. 93, atts. 3-5.  Both individuals testified, based upon their personal knowledge as principals of the two companies, that PMGS, not PMG, was the seller of the System.  The deposition of Mr. Koch also includes a sales invoice and wire transfer document showing that PMGS received payment for the System.  Doc. 93, att. 5, pp. 46-47.  The court finds that PMG has borne its initial burden of identifying portions of pleadings and discovery tending to show that there is no genuine issue of material fact as to the identity of the seller.  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

Because PMG has identified portions of the record tending to show that there is no genuine issue of material fact as to the identity of the seller, the burden shifts to Superior to "set forth specific facts showing that there is a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986) (quotations omitted), which must include "significant probative evidence," in support of the claim that PMG is the seller. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990).  Superior attaches a document that it characterizes as "the handwritten sales contract between PMG and Superior for the sale of the subject System."  Doc. 102, p. 3; Ex. P1 at doc. 102, att. 3.  The handwritten notations appear on a pre-printed form that contains the terms "Professional Machinery Group" and "Professional Machinery Group, Inc." in the header and footer.  Doc. 102, att. 2.  It also relies on affidavits made by Superior manager Alex Quebedeaux and Superior member Jeremy D. Cook, Superior's manager and member, respectively.  Doc. 102, pp. 3-4; doc. 102, atts. 6, 7.  The affidavits attest to the affiants' apparent belief that they were dealing with PMG and not PMGS, without attesting to any personal knowledge of the relationship between PMG and PMGS.  *Id.*

Without weighing the evidence, or conducting credibility determinations, and viewing all evidence in the light most favorable to Superior, *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097, 2110 (2000). *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000), the court finds that Superior has not submitted significant probative evidence calling into question the identity of the seller of the System. Superior's evidence does not make it more likely that PMG is the seller of the System.

Having carefully reviewed the record, the court finds that a reasonable trier of fact could not find that PMG is the seller of the System. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). The court therefore finds that there is no genuine issue of material fact that PMG is not the seller of the System and that PMG's Motion to Dismiss will be granted.

## IV.
### CONCLUSION

For reasons set forth above, we find that the Motion for Summary Judgment filed by defendant Professional Machinery Group, Inc., [doc. 93] seeking dismissal of the claims made against it by plaintiff Superior Woodwork and Trim, LLC be and the same is hereby **GRANTED**. By separately issued judgment we dismiss all claims against these defendants with prejudice at plaintiff's cost.

THUS DONE AND SIGNED in Chambers this 15th day of November, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE